# Sprague *against* Woods.

By a deed of bargain and sale, or any other form of conveyance duly recorded, a use may be raised in any one in whose favour it is expressly declared by the deed, without a consideration expressed.

Equity will construe a deed of bargain and sale to be a covenant to stand seised, where there is both a money consideration and a relation by blood apparent in the deed.

An unrecorded deed from a grandfather to his daughter and son-in-law, for a consideration paid by them, in trust for their children in fee, is valid to vest the estate to the use of or in trust for the said children then living.

This was a writ of error to the District Court of *Allegheny* county, where an action of ejectment was brought by Samuel Sprague against John Woods, for 30 acres of land in Reserve township. The plaintiff's claim was founded on his possession.

The defendant gave in evidence a patent to himself, dated 28th

[Sprague v. Woods.]

of March 1814, including the premises in dispute, and the following deed from himself and wife to the plaintiff:

" This indenture, made the 2d day of February 1818, between John Woods of Ross township, county of Allegheny and State of Pennsylvania, and Sarah his wife, of the one part, and Samuel Sprague of Pittsburgh, county and State aforesaid, and Ellen his wife of the other part, witnesseth that the said John Woods and Sarah his wife, for and in consideration of the sum of $500 lawful money of the United States, to them in hand paid by the said Samuel Sprague and Ellen his wife, at or before the ensealing or delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, alien, enfeoff, release and confirm, unto the said Samuel Sprague and Ellen his wife, in trust for their children, viz.—the heirs lawfully born to the said Samuel Sprague by Ellen his wife, a certain lot or piece of ground situate in the township, county and state aforesaid, being part of the farm or plantation upon which the said John Woods at present dwells, and lawfully conveyed to him the said John Woods by patent bearing date the . . . . . . , bounded, &c., containing 30 acres, strict statute measure, together with all and singular, &c.; to have and to hold the said described in trust for their children as aforesaid, hereditaments and premises hereby granted as mentioned or intended so to be, with the appurtenances, unto the said Samuel Sprague and Ellen his wife in trust for their children and heirs aforesaid: to and for the only proper use, benefit and behoof of them, the said Samuel Sprague and Ellen his wife in trust for their children and heirs for ever, and the said John Woods and Sarah his wife do covenant, promise and agree to and with the said Samuel Sprague and Ellen his wife, their children and heirs, by these presents, that they the said John Woods and Sarah his wife and their heirs, the said described tract or parcel of ground hereby granted with the appurtenances unto the said Samuel Sprague and Ellen his wife and their heirs, against them the said John Woods and Sarah his wife and their heirs, and against all and every other person or persons whomsoever, lawfully claiming or to claim the same, shall and will warrant and for ever defend by these presents. In witness whereof the said John Woods and Sarah his wife have hereto set their hands and seals the day and year first above written.

" Sealed in presence
　of John Taylor.　　　　　JOHN WOODS [SEAL.]"

This deed was acknowledged by Woods and wife on the day of its date, but was not recorded until after the verdict. There was a receipt on the deed signed by Woods for $500 from Sprague and wife, being the consideration money of the land conveyed by the deed. Sprague and wife, who was the daughter of Woods, had

issue two sons, Samuel and William, who were minors at the date of the deed, and living at the time of suit brought.

The defendant gave in evidence also a deed from Samuel Sprague, (one of the plaintiff's sons), to himself, for one undivided half of the tract in dispute, dated 2d of June 1834, for the consideration of $250; also a deed from William, (the plaintiff's other son), to himself, for the 30 acres in dispute, his interest being 15 acres, for the consideration of $1500, dated 7th of November 1837. There was some conflicting evidence as to the possession and improvements by the plaintiff, and of turning out the plaintiff's tenant by the defendant. It appeared that the plaintiff was discharged under the insolvent laws on the 10th of August 1818.

SHALER, President, charged the jury that the defendant's title was good under the deeds in evidence, and that he was entitled to a verdict. The plaintiff excepted to the charge, and assigned it for error.

*Dunlop*, for plaintiff in error.

A presumption of payment by an insolvent arises after a lapse of 14 years. 14 *Serg. & Rawle* 364; 4 *Whart.* 267.

No legal estate passed to the children of the plaintiff by the defendant's deed. A use cannot be executed on a bargain and sale, so as to vest the estate in a *cestui que use* from whom no consideration passed. This, therefore, was merely a trust in the children. *Saund. Uses & Tr.* 312; 3 *Dall.* 486; *Dyer* 135; *Prest. Est.* 178, 190; *Cruise*, ch. 1, sec. 2; 1 *Watts* 108, 118; *Sug. Pow.* 122; 5 *Rawle* 16, 111; 1 *Whart.* 153; 3 *Serg. & Rawle* 445.

If, then, the plaintiff was a trustee, chancery would not require him to convey to his children from whom no consideration passed. It will not interfere in favour of grandchildren, to take away the legal right. 1 *Prest. Est.* 144, 184, 186; 1 *Atk.* 580; 1 *Madd. Chan.* 413; 1 *Fonb. Eq. c.* 6, sec. 8; 2 *Ib.* 25, *n.*; 7 *Bac. Ab.* 97, *n.*; 5 *Madd. Rep.* 409; *Saund. Uses & Tr.* 313, 322; *Shep. Touch.* 509, 511; 2 *Fonb. Eq.* 31, *n. P.*; 3 *Atk.* 508; 2 *Vez.* 582; 1 *Vez.* 228; 1 *Salk.* 187.

*Metcalf, contra*, cited 4 *Serg. & Rawle* 133; 4 *Watts* 171.

The opinion of the Court was delivered by

SERGEANT, J.—The English learning on the subject of the conveyances on which a use may or may not be raised, has been, for the most part, inapplicable in Pennsylvania since the passage of the Act of Assembly of the 28th of May 1715, if not for a prior period. By the 4th section of that Act, all deeds and conveyances, whatever be their forms, when they are duly recorded, have the same force and effect for giving seisin and possession as deeds of feoffment with livery of seisin or deeds enrolled in any of the courts of Westminster. By a feoffment with livery of seisin, a use may

be raised in any one in whose favour it is expressly declared by the deed, without a consideration expressed; and therefore the same thing may be done here by a bargain and sale or any other form of conveyance duly recorded.  It is in consequence of these principles established by our law in early times, that the complex and burthensome machinery of lease and release, feoffments with livery of seisin, and of fines and recoveries, adopted in England for the raising of uses, has been laid aside here, or rather has never been in common use, and the simple forms of our deeds containing words of bargain and sale, alienation, feoffment, release and confirmation, or something tantamount, have been employed to answer all the purposes to which the former were applied in England.  See *M'Kee* v. *Pfout*, (3 *Dall.* 486); *Dunwoodie* v. *Reed*, (3 *Serg. & Rawle* 445); *Serg. Land Law* 230, 242.

Had the deed in question been duly recorded at the trial, it would have been equivalent to a feoffment to Samuel Sprague, to the use of his children; their estate would have been a use executed in them.  It is objected, however, that the verdict and judgment were rendered on the 2d of March 1842, and that the deed was not recorded till the day after, viz: the 3d of March. It does not appear by the record that this objection was taken in the court below, and the recording since might perhaps be considered as curing the error.  But if it did not cure it, and the case stood on the simple deed unrecorded, the result would be the same, except that the estate of the children would be a trust instead of a use.  For equity in enforcing trusts does not regard so much the mode of conveyance as the intent of the parties, and to effectuate that, will construe the instrument so as to give it effect, and will remedy defects in the forms employed.  For that purpose, a deed of bargain and sale may be construed to be a covenant to stand seised, where there is both a money consideration and a relation by blood apparent in the deed.  So on a feoffment without livery of seisin, equity will supply the defect of livery.  1 *Fonb. Eq.* 38; 2 *Ib.* 43, 45; 1 *Madd. Chan.* 42.  It is contended however that this will not be done in favour of a grandchild.  But if this deed be taken to be a voluntary conveyance from Woods the grandfather, for the benefit of the grandchildren, the money consideration being in that case merely nominal, I do not perceive why it may not be construed as a covenant to stand seised to their use, the relationship of grandfather and grandchild being clearly sufficient for that purpose, and apparent in the deed.  It would then be a use executed in the children.  There is no evidence, however, that this was the fact.  On the contrary, both the deed and the receipt show a money consideration paid by Sprague and wife; so that it is in effect a purchase by them, for the benefit of their children, and equity will certainly supply all defects in order to carry into execution a settlement by parents on their children.  It would supply the want of livery of seisin, and treat it as a valid feoffment at

common law.   However inartificial the conveyance may be, or if it were even but an article of agreement, the trust would be enforced in such case.

Whether, then, it be a use executed or a trust, the only question is, what estate was conveyed by the deed of the 2d of February 1818 ?   It is a conveyance to Samuel Sprague and wife, either to the use of, or else in trust for their two children then living, in fee simple.   Of course these children could convey their interests, whether legal or equitable, and the defendant, holding under deeds from them, had a good title.

Judgment affirmed.